**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN**

---

RYAN MINAFEE,

   Plaintiff,        Case No: _____

  v.

JARRON V. BANKHEAD,

   Defendant.

---

**COMPLAINT**

---

NOW COMES Ryan Minafee (hereinafter, "Minafee" or "Plaintiff"), by his attorneys, Cade Law Group LLC, and as and for his Complaint against the named Defendant, alleges and shows to the Court as follows:

**<u>JURISDICTION AND VENUE</u>**

1.  This action is brought pursuant to 28 U.S.C. § 1983, 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343 (civil rights).

2.  Jurisdiction of this Court also is invoked pursuant to 28 U.S.C. § 1367. This Court has supplemental jurisdiction over any other claims Minafee may make because they form part of the same case or controversy.

3.  Venue is proper in the Western District of Wisconsin pursuant to 28 U.S.C. §1391(b)(2) in that the acts and omissions forming the basis of these claims occurred in the Western District of Wisconsin.

4.  Minafee has complied with all notice requirements and did provide notice to the Wisconsin Attorney General as required under Wis. Stat. § 893.82.

## PARTIES

5.     Plaintiff Minafee is a citizen of the State of Wisconsin and resides at 2353 N. 12th Street, Milwaukee, WI 53206. At all material times, Minafee was a prisoner with Wisconsin Department of Corrections.

6.     Defendant Jarron Bankhead ("Bankhead"), upon information and belief, is a citizen of the State of Illinois and resides at 3512 Pheasant Run, Rockford, IL 61103. At all material times, Bankhead was a corrections officer employed by the Wisconsin Department of Corrections, and operating under color of law.

## FACTS

7.     Minafee was injured on July 12, 2023 when Bankhead assaulted him at the Columbia Correctional Institution in Portage, Wisconsin.

8.     More specifically, while he was on duty as a corrections officer and serving the dinner meal service at Columbia Correctional, Bankhead grabbed Minafee's hand, while Minafee was in his cell, and pulled Minafee's arm through the "trap door" in the cell, and then violently yanked on Minafee's arm, causing injury to Minafee. Bankhead, while on video, specifically told Minafee that Bankhead was going to break his arm ("I am about to snap this bitch.").

9.     The assault caused Minafee pain and suffering.

10.     The assault subsequently was investigated by Columbia County Sheriff's Department.

11.     As a result of the investigation, Bankhead was charged with a violation of Wis. Stat. § 940.29 (Abuse of Residents of Penal Facility). *See State v. Jarron Vadol Bankhead,* Columbia County Case No. 23-CF-0686.

12.     Prior to the assault for which Bankhead was investigated, Bankhead previously slammed Minafee's head against a wall in June 2023 and falsely gave Minafee a ticket, resulting in a 90 day punishment to Minafee and causing Minafee to falsely be placed into restrictive housing (segregation).

## FIRST CAUSE OF ACTION
### (42 U.S.C. § 1983 – Eighth Amendment Excessive Force)

13.     Minafee incorporates by reference all of the allegations set forth in the preceding paragraphs as if fully stated and alleged herein.

14.      Minafee was a prisoner at the time of his assault, and thus protected by the Eighth Amendment to the Constitution of the United States of America against cruel and unusual punishment.

15.     Defendant Bankhead in his individual capacity and while acting under color of state law, violated Minafee's Eighth Amendment rights in grabbing Minafee's arm through the trap door, constituting cruel and unusual punishment.

16.     Defendant Bankhead's actions were made with deliberate indifference and in reckless disregard of Minafee's right to be free from cruel and unusual punishment.

17.     The battery was against Minafee's will and in violation of the Eight Amendment to the United States Constitution.

## SECOND CAUSE OF ACTION
### (Battery under Wisconsin Law)

18.      Minafee incorporates by reference all of the allegations set forth in the preceding paragraphs as if fully stated and alleged herein.

19.     Defendant Bankhead attempted and did cause harmful, offensive, and violent physical contact with Minafee.

20.     Minafee did not consent to Defendant Bankhead's intentional touching and assault, and intentional touching and subsequent harm was harmful and offensive, constituting battery under Wisconsin law.

21.     Minafee experienced injuries and harm, all of which were reasonably foreseeable, and some of which are permanent.

WHEREFORE, Plaintiff Minafee prays for judgment as follows:

1.     For judgment in an amount equal to Plaintiff's compensatory damages, and past and future medical expenses and pain and suffering, in an amount to be proven at trial;

2.     For any economic and non-economic damages not specifically enumerated herein;

3.     For punitive damages, to be awarded by a jury;

4.     For the costs, disbursements and expenses incurred by Plaintiff in bringing this action, including any actual attorney's fees pursuant to 42 U.S.C. § 1988;

5.     For interest, attorney's fees and costs; and,

6.     For such other relief as may be just and equitable.

Dated this 26th day of March, 2026.

**CADE LAW GROUP LLC**

By: s/Nathaniel Cade, Jr.
    Nathaniel Cade, Jr., SBN 1028115
    Annalisa Pusick, SBN 1116379
    P.O. Box 170887
    Milwaukee, WI 53217
    (414) 255-3802 (o)
    (414) 255-3804 (f)
    nate@cade-law.com
    annalisa@cade-law.com
    Attorneys for Plaintiff, Ryan Minafee